UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DIRECTBUY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:09CV110- PPS/APR |
| | ) | |
| THOMAS GIACCHI and JOYCE GIACCHI, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| THOMAS GIACCHI and JOYCE GIACCHI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:11CV41-PPS/APR |
| | ) | |
| DIRECTBUY, INC. and | ) | |
| BETA FINANCE COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

These related cases involve the legal aftermath of a failed franchise. DirectBuy, Inc. operates a network of "buying clubs" through franchise agreements. Thomas and Joyce Giacchi formed Trinity Innovative Enterprises, LLC, which established a DirectBuy franchise in Allentown, Pennsylvania. This order addresses pending motions in two related cases involving DirectBuy and the Giacchis.

In Case No. 2:09CV110, filed April 20, 2009, DirectBuy brings claims against the Giacchis for breach of contract based on their personal guaranty of Trinity's obligations, and for

unjust enrichment.[1]  The Clerk entered a default against both Giacchis on January 24, 2010, and

DirectBuy filed a motion for default judgment against both defendants on November 3, 2010.

Four months later, the Giacchis, appearing *pro se*, filed motions seeking to set aside the default

and for leave to file an answer and counterclaims.

Case No. 2:11CV41 consists of claims by the Giacchis against DirectBuy and Beta

Finance Company, Inc., a related company, based on the same franchise agreements and

relationships.  This case was opened because the Bankruptcy Court for the Eastern District of

Pennsylvania transferred to this court the remaining claims of an adversary proceeding that had

been initiated there by Trinity and the Giacchis within Trinity's Chapter 11 bankruptcy case,

after  Trinity dismissed its claims in the matter.  The bankruptcy judge expressly found that the

Giacchis' claims were related to the first-filed proceedings in our Case No. 2:09CV110, and

transferred the remainder of the adversary proceeding "to be heard in conjunction with" Case

No. 2:09CV110.  In the second suit, DirectBuy and Beta have filed a motion to dismiss.

Fed.R.Civ.P. 55(c) allows relief from entry of default for good cause.  The moving party

must show (1) good cause to set aside the default, (2) quick action to correct the default, and (3)

the existence of a meritorious defense to the complaint.  *Cracco v. Vitran Express, Inc.*, 559 F.3d

625, 630-31 (7th Cir. 2009).  While the same test applies for motions seeking relief from default

judgment under Rule 60(b), the test is "more liberally applied in the Rule 55(c) context."  *Id.*

Furthermore, "[w]hether or not to vacate a default is in the sound discretion of the district court."

*Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799, 810 (7th Cir. 2007).

---

[1]  In a third related case, Case No. 2:11CV135, Trinity, through its bankruptcy trustee, brings
claims disputing the amounts it owes to DirectBuy following the franchise termination.

Here are the highlights of the relevant timeline. After service of DirectBuy's complaint on May 4, 2009, the Giacchis filed no responsive pleading in the district court (due around May 25), but instead filed an adversary proceeding in Trinity's bankruptcy case on June 19, 2009, seeking to enjoin DirectBuy from prosecuting its lawsuit here. The injunction was issued on July 14, 2009 (without this court being advised), preliminarily enjoining DirectBuy from continuing any action against Thomas & Joyce Giacchi. On the same date, the Giacchis filed a separate adversary proceeding against DirectBuy & Beta, the one that was later transferred here and became Case No. 2:11CV41. The injunction against the first district court action was later dissolved by stipulation between attorney David Dunn, acting as counsel for Trinity and the Giacchis, and attorney John Doroghazi for DirectBuy. The stipulation was signed by the bankruptcy judge on December 10, 2009. The Giacchis have persisted in their allegation that they were unaware of this at the time and did not authorize counsel to so stipulate on their behalf.

Back here in the district court, DirectBuy then prompted the Clerk to enter default against the Giacchis, which was done on January 24, 2010. DirectBuy apparently was in no hurry thereafter for a default judgment, because only after a nudge from my show cause order nine months later did DirectBuy finally file a motion for default judgment on November 3, 2010. Thomas Giacchi filed his own bankruptcy petition on November 9, 2010, and the resulting automatic stay affected Case No. 2:09CV110 until January 25, 2011, when the bankruptcy court both lifted the stay and transferred the adversary proceeding here, resulting in the opening of Cause No. 2:11CV41. After all the dust was settled and the claims in both directions were

pending in this court, the Giacchis finally appeared in 2:09CV110 in March 2011, seeking to have the default set aside.

The Giacchis' course in these litigations has been circuitous at best, and their efforts in the bankruptcy court to avoid defending suit here ultimately failed. But viewing the larger picture of the twin proceedings in the district court and in the bankruptcy court makes clear that the Giacchis have been attempting with reasonable vigor to pursue their own claims and defend against those of DirectBuy, such that a default here would be an undue procedural "gotcha" and not in the interest of justice. The Seventh Circuit has "articulate[d] a policy of favoring trial on the merits over default judgment." *Cracco*, 559 F.3d at 631. Where the Giacchis were so active in the bankruptcy proceedings relating to the same disputes, I conclude that they "did not willfully ignore the pending litigation." *Id*. Given the larger context, I deem the Giacchis to have had good cause for their default here while pursuing matters in another court with jurisdiction over the same disputes, to have acted reasonably quickly to correct their default once it became clear that the disputes would be litigated in this court, and to have articulated in the various related proceedings an adequate defense to DirectBuy's claims for purposes of the "lenient standards...established for the application of Rule 55(c)." *Id*. Furthermore, to the extent prejudice plays any role, it is clear that DirectBuy was aware, based on the various proceedings in the bankruptcy court, of the Giacchis' claims and defenses to DirectBuy's claims.

In the thankfully unusual circumstances of these two matters, I will exercise my discretion in favor of setting aside the default and allowing the Giacchis to file their claims against DirectBuy and Beta with their answer in 2:09CV110. This necessitates the denial of DirectBuy's motion for default judgment. Also consistent with the course I provisionally

outlined in my March 3, 2010 order, I will dismiss Case No. 2:11CV41 without prejudice as duplicative of the counterclaims now asserted in the earlier-filed case. This permits the parties' disputes to be situated entirely within Case No. 2:09CV110, where the Giacchis' claims in their answer and counterclaims are more recently articulated than in the Adversary Complaint filed more than two years ago in the bankruptcy court. This also weeds out the claims asserted (but later dismissed) in the adversary proceeding by Trinity, which is not a party to either Case No. 2:09CV110 or 2:11CV41.[2] DirectBuy and Beta's motion to dismiss the claims as they were pled in the adversary proceeding will be denied without prejudice, and they may file a fresh challenge to the Giacchis' fresher claims in response to the answer and counterclaims in 2:09CV110. In view of these logistics (which are in lieu of a consolidation that would be more unwieldy), I will direct the Clerk to enter on the docket of 2:09CV110 the name, address and other information for the attorney representing Beta in 2:11CV41. DirectBuy and Beta will be granted twenty-one days in which to file a pleading or motion in response to the Giacchis' counterclaims.

ACCORDINGLY:

The motions of Thomas and Joyce Giacchi in Case No. 2:09CV110-PPS to Remove Default [DE 19] and for Leave to File Answer and Counterclaim Out of Time [DE 20] are **GRANTED**. The Clerk shall **detach and separately docket and file** the Giacchis' Answer and Counterclaim [DE 20-1].

DirectBuy, Inc.'s Motion for Default Judgment [DE 12] in Case No. 2:09CV110-PPS is **DENIED**.

_____

[2] Trinity's parallel disputes with DirectBuy continue in the third related case before me, Case No. 2:11CV135, to which the Giacchis are not parties.

Case No. 2:11CV41-PPS is **DISMISSED WITHOUT PREJUDICE** to the Giacchis' claims therein being pursued in Case No. 2:09CV110-PPS.

In Case No. 2:11CV41-PPS, the Motion to Dismiss of DirectBuy and Beta Finance [DE 3] is **DENIED WITHOUT PREJUDICE**.

The Clerk shall **enter into the docket** of Case No. 2:09CV110-PPS the attorney for Beta Finance who has appeared for Beta in Case No. 2:11CV41-PPS.

DirectBuy and Beta Finance shall **file their pleading or motion** in response to the Giacchis' counterclaim in Case No. 2:09CV110-PPS within twenty-one days of the date of this order.

**SO ORDERED.**

ENTERED: August 25, 2011

                                   /s/ Philip P. Simon
                                   Chief Judge
                                   United States District Court