UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| DIRECTBUY, INC., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) |
| THOMAS GIACCHI and JOYCE GIACCHI, | ) |
| Defendants. | ) Case No. 2:09CV110- PPS/APR |
| THOMAS GIACCHI and JOYCE GIACCHI, | ) |
| Counter-Plaintiffs, | ) |
| v. | ) |
| DIRECTBUY, INC. and BETA FINANCE COMPANY, INC., | ) |
| Counter-Defendants. | ) |

## **OPINION AND ORDER**

DirectBuy, Inc. operates a network of "buying clubs" through franchise agreements. DirectBuy claims that Thomas and Joyce Giacchi owe DirectBuy money based on their personal guaranty of their now-defunct Trinity Innovative Enterprises franchise. The Giacchis have responded with counterclaims against DirectBuy and also assert claims against Beta Finance Company, a DirectBuy affiliate that handles the financing of memberships and other book-keeping as between DirectBuy and its franchisees. DirectBuy and Beta move to dismiss the Giacchis' counterclaims, and to strike part of the Giacchis' answer.[1] The Giacchis have filed a

---

[1] The first time DirectBuy moved to dismiss the counterclaims [DE 26], the Giacchis responded with a new answer and counterclaims [DE 30], which again DirectBuy moves to dismiss [DE 35].

motion for sanctions, arguing that DirectBuy's lawsuit here is based on a debt that DirectBuy's counsel previously acknowledged to have been paid.

Motions to Dismiss and to Strike

DirectBuy seeks dismissal of the Giacchis' counterclaims on the ground that they are an impermissible attempt to re-litigate what has already been decided by the United States Bankruptcy Court in the Eastern District of Pennsylvania, where Trinity sought bankruptcy protection. DirectBuy contends that the principles of collateral estoppel and res judicata bar the Giacchis' counterclaims here, because Bankruptcy Judge Richard Fehling's final and unappealed determinations in the Trinity bankruptcy proceeding resolved the same issues.

The Giacchis identify Count One of their counterclaims as a claim for breach of contract based on "overbilling." [DE 30, p.9]. It is difficult to distill from the Giacchis' pleading the particular theory of how the Franchise Agreement was breached. Their allegations focus more on the business's failure, and how the revenue did not support the operation, than on the pertinent provisions of the contract allegedly breached. The Answer contains a contention that DirectBuy required media charges of the franchise though there was no provision for such charges in the Giacchis' Franchise Agreement. [*Id*. at ¶8]. This allegation, made in support of a denial within the Giacchis' answer, appears to be the only assertion in the entire Answer and Counterclaim that identifies how the terms of the Franchise Agreement were allegedly violated by "overbilling." Count One can be construed as alleging that Direct-Buy's billing for advertising was a breach of the Franchise Agreement, and resulted in the failure of the Giacchi-Trinity franchise.

DirectBuy and Beta argue that Judge Fehling's conclusion that the franchise was properly terminated was based on the subsidiary determination that DirectBuy's bills to Trinity for media and advertising expenses were entirely proper. Because the Giacchis' new counterclaims here attempt to litigate the same issues over again, DirectBuy and Beta assert that the claims are foreclosed by collateral estoppel and res judicata. The Giacchis have responded to the motion *pro se*, though counsel subsequently entered and appeared for them at the May 22, 2012 hearing. The Giacchis' response does not address the legal arguments of collateral estoppel and res judicata. Instead, the response focuses on the Giacchis' over-arching contention – that "DirectBuy and its shadow, Beta Finance, so manipulated and misused the franchise agreement that the defendants never had a chance to make a profit" – and argues generally the sufficiency of their pleading. [DE 43, p.1].

The doctrines of collateral estoppel and res judicata are based on principles of finality, and the notion that there must exist a limit to the litigation of a particular dispute. The same claim, and claims that are related to it, should be litigated together and cannot be litigated over and over. DirectBuy and Beta quote the Supreme Court on the purposes served by the legal doctrines they invoke: "res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Judge Fehling of the Eastern District of Pennsylvania's bankruptcy court held several hearings on numerous motions fundamentally posing the question whether the Franchise Agreement between Trinity and DirectBuy was validly terminated. The validity of the termination in turn depended on the correctness of DirectBuy's computation of the franchise's

delinquent debt to DirectBuy, and the franchisee's claims that DirectBuy had overcharged Trinity for sales leads and advertising.[2] In a 17-page opinion dated July 13, 2009, Judge Fehling stated his conclusion that "[Trinity] failed to pay various amounts owed to Direct Buy and that Direct Buy properly exercised its rights under Section 14.03(k) of the parties' Franchise Agreement to terminate the Franchise Agreement, effective June 19, 2008." [DE 36-6, p.2]. Specifically, in support of his determination as to the amounts Trinity owed DirectBuy, Judge Fehling rejected Trinity's allegation that DirectBuy overcharged for sales leads, finding that Trinity's argument relied on an inapplicable provision of the Franchise Agreement, and that the manner in which sales leads were calculated was based on a different provision of the Franchise Agreement and was properly done by DirectBuy. [*Id*. at pp. 8-10.] Judge Fehling stated his conclusion on the billing issue this way: "Based on this evidence, I find and conclude that Direct Buy has convincingly established that the fees it charged to Debtor for sales leads were accurate and valid and Debtor's attempt to attack these fees must fall." [*Id*. at pp. 9-10].

"Where a final judgment has been rendered on the merits of a claim, res judicata protects the finality of that judgment and prevents parties from undermining it by attempting to relitigate the claim." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). As all counsel acknowledged at the May 22 hearing, the litigation between Trinity, the Giacchis, DirectBuy and Beta Finance has been long and frustrating, and fought on numerous fronts. Such circumstances frequently give rise to attempts to relitigate claims that have been decided elsewhere. "Res judicata applies if there is (1) a final judgment on the merits in an earlier action; (2) an identity

---

[2] The parties use a lot of terminology without explanation, but I am able to deduce from context within Judge Fehling's order that references to media charges, lead generation, open-ended billing, and advertising costs all relate to the same issue.

of the causes of action; and (3) an identity of parties or their privies." *Ennenga v. Starns*, 677 F.3d 766, 776 (7th Cir. 2012).

Judge Fehling's opinion was not appealed and is therefore final for purposes of this analysis. *Matter of Kilgus*, 811 F.2d 1112, 1116 (7th Cir. 1987) [a decision is "final" when it wraps up a piece of litigation that could have been a stand-alone suit outside of bankruptcy]. After full briefing and evidentiary hearings, the decision based on findings of fact and conclusions of law was on the merits. The identity of the causes of action is "determined by comparing the suits' operative facts," and "[w]here it applies, res judicata prevents the relitigation of claims already litigated as well as those that could have been litigated but were not." *Palka*, 662 F.3d at 437. As the discussion above indicates, review of Judge Fehling's opinion yields the conclusion that the Giacchis here raise the same issues or "cause of action" that Judge Fehling already decided – namely the authority for and correctness of certain fees charged by DirectBuy to the Trinity franchise under the Franchise Agreement.

Because the Giacchis are the sole owners of Trinity and assert their claims based on their status as guarantors of the Franchise Agreement which they assigned to Trinity, the parties adequately represent the same legal interests, and there exists privity for the purpose of res judicata arising from Judge Fehling's ruling on Trinity's assertion of the same claim in the bankruptcy proceeding. *In re Fort Wayne Telsat, Inc.*, 665 F.3d 816, 820 (7th Cir. 2011) [an assignee of a claim is in privity with the assignor]. Because all these criteria are met, the breach of contract claim asserted in Count One of the Giacchis' counterclaims is barred by res judicata.[3]

---

[3] Beta and DirectBuy have filed a motion to strike that is intertwined with their assertion of res judicata and collateral estoppel. They ask me to strike 15 paragraphs of the Giacchis' answer as "immaterial and redundant" because they contain allegations movants say are contrary to the previous determinations of the Bankruptcy Court. In view of the disposition of the counterclaim,

The doctrine of collateral estoppel also applies. The requirements of collateral estoppel are that "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *H–D Mich., Inc. v. Top Quality Serv., Inc.,* 496 F.3d 755, 760 (7th Cir.2007) (quotation marks omitted). As the discussion of res judicata above indicates, these four elements are also met. The same issue as to the correctness of and contractual authority for fees was litigated previously, it was essential to Judge Fehling's conclusion that the Franchise Agreement was properly terminated, and the Giacchis' interests were fully represented in the bankruptcy proceedings by Trinity's counsel (who is the Giacchis' current counsel here). Collateral estoppel thus provides an additional basis for the dismissal of the Giacchis' breach of contract counterclaim.

Count Two of the Giacchis' counterclaims is entitled "Punitive Damages." [DE 30, p.15]. The Giacchis contend in Count Two that open-ended billing for advertising, being against the law and public policy of Indiana, constituted a "callous disregard for the well-being or survival of the franchisee" and a pattern of outrageous conduct entitling the Giacchis to punitive damages. *Id.* DirectBuy argues that Count Two is a thinly-veiled claim under the Indiana Deceptive Franchise Practices Act or IDFPA, and that the claim must be dismissed because the IDFPA does not apply to Trinity's operation of a franchise in Pennsylvania.[4]

---

I will deny the motion to strike without prejudice as moot.

[4] An additional argument offered for dismissal of Count Two is that it sounds in fraud but fails to meet the enhanced pleading requirements applicable to fraud claims under Fed.R.Civ.P. 9(b). This appears to be a mistake by movants – a holdover from their earlier Motion to Dismiss based on the earlier Answer and Counterclaims. The argument is directed at the old Count Two for

A more fundamental problem is fatal to Count Two. The Giacchis clearly invoke Indiana law as governing their case and claims. [DE 30, ¶¶41, 44, 74]. But the Indiana Supreme Court has been clear that under Indiana law:

> There is no "cause of action" for punitive damages. Punitive damages are a remedy, not a separate cause of action. Successful pursuit of a cause of action for compensatory damages is a prerequisite to an award of punitive damages. There is no freestanding claim for punitive damages apart from the underlying cause of action.

*Crabtree ex rel. Kemp v. Estate of Crabtree*, 837 N.E.2d 135, 137-38 (Ind. 2005). With Counterclaim One being dismissed, the Giacchis have no separate underlying cause of action to support relief in the form of punitive damages.

In addition, Beta Finance argues that it is entitled to dismissal because the Giacchis' counterclaims fail to allege facts in support of Beta's liability (as distinct from DirectBuy's). Beta points out that the Answer and Counterclaim mention Beta only in the caption and in a single factual allegation explaining the three kinds of financing for membership fees in a DirectBuy franchise. This allegation is in the nature of background and does not appear to support any theory of liability against Beta. The Giacchis offer no response to this persuasive argument. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). A total absence of factual allegations as to a defendant's conduct giving rise to liability clearly does not state a claim to relief that is plausible on its face. This adds support for the dismissal of both counterclaims as against Beta.

---

Misrepresentation, and can now be disregarded.

Finally, movants expressly request dismissal with prejudice and argue against leave to amend, contending the counterclaims' "substantive defects...cannot be cured by amendment." [DE 36, p.15]. In view of the fundamental flaws on which the dismissal of the counterclaims is based, the failure of the Giacchis' opposition to meet or even address the substance of these flaws, and the previous opportunity to re-plead their counterclaims, which the Giacchis did even after the filing of the initial motion to dismiss, I must agree and dismiss the counterclaims with prejudice.

Motion for Sanctions

The Giacchis seek sanctions against C. Joseph Yast, who is General Counsel for DirectBuy as well as a counsel of record in this case. The motion is premised on the principles of Rule 11 of the Federal Rules of Civil Procedure, and asserts that Yast signed DirectBuy's complaint knowing that it lacked evidentiary support and filed the complaint with the intent to harass the Giacchis. The Giacchis contend that Yast testified at a hearing before the bankruptcy court that Trinity's debt to DirectBuy had been fully repaid, but Yast nonetheless filed this lawsuit seeking a judgment against the Giacchis as guarantors of such a debt.

As I indicated at the May 22 hearing, this motion is a non-starter. First, the Giacchis do not offer an official certified transcript of the prior testimony on which the motion is based. Second, even taking their exhibit transcript at face value, it is clear to me that Yast's acknowledgment that an amount in the neighborhood of $189,000 owed by Trinity to DirectBuy had at one time been paid is not necessarily incompatible with a later assertion that, on the basis of running accounts and continuing invoices, a similar amount was later owed and unpaid. There

is no showing that the filing of DirectBuy's complaint violates Rule 11, and the motion for sanctions will be denied.

ACCORDINGLY:

The motions of DirectBuy Inc. and Beta Finance Company Inc. to dismiss Thomas and Joyce Giacchi's counterclaims [DE 26 & 35] are GRANTED, and the counterclaims are DISMISSED WITH PREJUDICE.

DirectBuy and Beta Finance's motion to strike [DE 37] is DENIED WITHOUT PREJUDICE AS MOOT.

Thomas and Joyce Giacchi's motion for sanctions [DE 41] is DENIED.

DirectBuy is hereby ORDERED to file a status report within 30 days advising the Court of its intent to continue its prosecution of the complaint in this matter.

**SO ORDERED.**

**ENTERED:** <u>June 25, 2012</u>

<u> /s/ Philip P. Simon </u>
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**